# IN THE UNITED STATES DISTRICT COURT
# THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| DESI JONES and ADARRIUS KEATON, ) | |
| ) | |
| ) | CIVIL ACTION FILE NO.: |
| Plaintiffs, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| TYSON FOODS, INC., ) | |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiffs Desi Jones ("Jones") and Adarrius Keaton ("Keaton") respectfully submit the following Complaint:

## INTRODUCTION

At all times relevant to this dispute, Tyson Foods, Inc. ("Defendant"), processed feed mill in Camilla, Georgia. Plaintiffs worked as laborers in that mill. Based on the treatment they suffered while employed with Defendant, Plaintiffs assert race discrimination and retaliation claims under 42 U.S.C. § 1981 ("§ 1981") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

1

## JURISDICTION AND VENUE

1. Plaintiffs' claims under Title VII and § 1981 present federal questions over which the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. This court is a proper venue of the Plaintiffs' claims under 28 U.S.C. 1391(b), because the Plaintiffs reside in the Middle District of Georgia. Furthermore, the unlawful conduct giving rise to these claims occurred while the Plaintiffs lived in this District.

## THE PARTIES

3. Plaintiffs resided in the Middle District of Georgia and were citizens of Georgia at all times relevant to this litigation. Plaintiffs were employees of Defendant at all times material to the Complaint.

4. Defendant is a for-profit company licensed to do business in Georgia that transacts business in the Middle District of Georgia.

5. Defendant is subject to the Court's jurisdiction and may be served with process through its registered agent for service of process United Agent Group, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, Georgia 30066.

6. Defendant is a covered employer under Title VII.

## ADMINISTRATIVE PROCEEDINGS

7. Plaintiffs filed timely Charges of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

8. On April 3, 2024, the EEOC issued Plaintiffs notices of right to sue.

9. All administrative prerequisites for filing suit on Plaintiffs' Title VII claims have been satisfied.

## FACTUAL ALLEGATIONS

### DESI JONES

10. Jones began his employment with Tyson Foods in or around January 2022 as a laborer in the Tyson Foods feed mill located in Camilla, Georgia.

11. Jones is a black man.

12. Stacey Byrd was Jones's supervisor over sanitation and maintenance at the mill.

13. Byrd is a white man.

14. Byrd repeatedly subjected Jones to racially discriminatory comments. For example, in or around February 2022, at the end of the work day, Jones was helping a co-worker, Lance (who is white), with his truck. Byrd walked by Jones and Lance and offered to give them a ride home. As Lance and Jones walked over to Byrd's car, they discussed who would sit in the front and would sit in the back; Lance offered to sit in the back of the car. As Lance did so, Byrd affirmed that Jones

should sit in the front and said that two white men could not be riding around with a "Nigger" in the back. Byrd's use of "Nigger" referred to Jones.

15. A few months later, in or around August 2022, Jones was in the break room with a few black co-workers when Byrd used the term "Nigger" again. While in the break room, a black employee said that he thought the vending machine vendor (a white man) was racist because he did not speak to black employees. Byrd jumped in and said that the vendor probably thought the black employees were "uppity Niggers."

16. In addition to Byrd's repeated use of the word "Nigger" in reference to Jones, and other black employees, Byrd also verbally berated Jones, yelling and swearing at black employees regarding work they allegedly failed to complete. Byrd's verbal abuse was so severe that Jones reported it to Todd McKenzie, Byrd's supervisor, who is also white.

17. On September 21, 2022, Jones's attorneys notified Defendant that they represented Jones regarding the race discrimination he endured at the workplace.

18. A few days later, Tyson's counsel acknowledged receipt of the letter that constituted opposition conduct.

19. Defendant suspended Jones's employment on or around October 11, 2022, just a few days after the Parties counsel exchanged correspondence.

20. On October 17, 2022, Defendant terminated Jones's employment.

## **ADARRIUS KEATON**

21. Keaton began his employment with Tyson Foods in or around January 2021 doing sanitation in the Tyson Foods feed mill located in Camilla, Georgia.

22. Keaton is a black man.

23. Byrd was Keaton's supervisor.

24. In or around August 2022, Keaton was in the break room with a few black co-workers, including Plaintiff Jones, when Byrd used the term "Nigger." While in the break room, a black employee said that he thought the vending machine vendor (a white man) was racist because he did not speak to black employees. Byrd jumped in and said that the vendor probably thought the black employees were "uppity Niggers."

25. A few weeks later, Human Resources Representative Michael Wilkerson called Keaton into his office and interviewed Keaton regarding Byrd's racist comments. Wilkerson asked Keaton if he ever heard Byrd use the term "nigger" and Keaton said "yes." Wilkerson asked Keaton if he had observed any other racist conduct at the plant. Keaton said "yes," and reported that white employees are treated better than black employees. Among other things, black employees are barely given breaks, while white employees are permitted to take long breaks and the white managers often stand around, laugh, and eat with white employees while the black employees worked.

26. Shortly after Keaton's interview with Wilkerson, on or around October 11, 2022, Keaton was suspended without warning for allegedly stealing time. Three days later, on October 14, 2022, Tyson terminated Keaton's employment.

## COUNT I

### DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED, 42 U.S.C. § 2000e *et seq.*

27. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

28. Defendant discriminated against Plaintiffs with regard to break schedules and in the use of racially charged language in the workplace among other things, creating a hostile work environment.

29. Defendant then terminated Plaintiffs because of their race.

30. Defendant's stated reason for terminating Plaintiffs' employment are pretext for racial discrimination.

31. Defendant's discriminatory treatment and termination of Plaintiffs was in violation of Title VII under any of the evidentiary frameworks to include convincing mosaic or mixed motive.

32. Defendant willfully and wantonly disregarded Plaintiffs' rights under Title VII and acted in reckless disregard for Plaintiffs' rights under Title VII.

33. Defendant's discriminatory actions against Plaintiffs were taken in bad faith.

34. As a result of Defendant's discriminatory treatment and termination of Plaintiffs, Plaintiffs have suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

35. Pursuant to Title VII, Plaintiffs are entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II
## DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

36. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

37. Defendant discriminated against Plaintiffs with regard to break schedules and in the use of racially charged language in the workplace among other things, creating a hostile work environment.

38. Defendant terminated Plaintiffs because of their race.

39. Defendant's stated reason for terminating Plaintiffs' employment are pretext for racial discrimination.

40. Defendant's discriminatory treatment and termination of Plaintiffs was in violation of 42 U.S.C. § 1981 ("Section 1981").

41. Defendant willfully and wantonly disregarded Plaintiffs' rights under Section 1981 and acted in reckless disregard for Plaintiffs' rights under Section 1981.

42. Defendant's discriminatory actions against Plaintiffs were taken in bad faith.

43. As a result of Defendant's discriminatory treatment and termination of Plaintiffs, Plaintiffs have suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

44. Pursuant to Section 1981, Plaintiffs are entitled to damages including, back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

43. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

44. Plaintiffs engaged in protected activity under Title VII by making internal complaints to Defendant and by having their attorney report racial discrimination.

45. Defendant's retaliated against Plaintiffs for their opposition conduct of Title VII.

46. Defendant's willfully and wantonly disregarded Plaintiffs' rights, and Defendant's retaliation against Plaintiffs was undertaken in bad faith.

47. As a result of Defendant's unlawful actions, Plaintiffs have suffered lost compensation and other benefits of employment, emotional distress, inconvenience, loss of income, humiliation, and other indignities.

48. Pursuant to Title VII, Plaintiffs are entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Title VII.

## COUNT IV
## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

49. Plaintiffs incorporate by reference all preceding paragraphs of the Complaint.

50. Plaintiffs engaged in protected activity under Title VII by making internal complaints to Defendant and by having their attorney report racial discrimination.

51. Defendant's actions, in subjecting Plaintiffs to retaliation for engaging in protected activity by complaining of, and opposing, race discrimination, constitute unlawful intentional retaliation in violation of Section 1981.

52. Defendant willfully and wantonly disregarded Plaintiffs' rights, and Defendant's retaliation against Plaintiffs was undertaken in bad faith.

53. As a result of Defendant's unlawful actions, Plaintiffs have suffered lost compensation and other benefits of employment, garden variety emotional distress, inconvenience, loss of income, humiliation, and other indignities.

54. Pursuant to Section 1981, Plaintiffs are entitled to damages, including back pay and lost benefits, front pay and/or reinstatement, compensatory damages, punitive damages, attorneys' fees and costs of litigation pursuant to 42 U.S.C. § 1988, and all other relief recoverable under Section 1981.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand a TRIAL BY JURY and the following relief:

(a) A declaration that Defendant has violated the rights of Plaintiffs under the federal statutes listed above;

(b) A permanent injunction against Defendant enjoining Defendant from further violations of the federal statutes listed above;

(c) Full back pay from the date of Plaintiffs' termination, taking into account all raises to which Plaintiffs would have been entitled but for their unlawful termination, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement to Plaintiffs' former positions with Defendant, or in the alternative, front pay to compensate Plaintiffs for lost future wages, benefits, and pension;

(e) Compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiffs' garden variety emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(f) Punitive damages in an amount to be determined by the enlightened conscious of the jury to be sufficient to punish Defendant for its conduct toward Plaintiffs and deter Defendant from similar conduct in the future;

(g) Reasonable attorneys' fees and costs.

(h) Other and further relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted on this 8th day of May 2024.

[SIGNATURE ON FOLLOWING PAGE]

LEGARE, ATTWOOD & WOLFE, LLC

*/s/ Eleanor M. Attwood*
Eleanor M. Attwood
Georgia Bar No. 514014
emattwood@law-llc.com

Decatur Town Center Two
125 Clairemont Avenue, Suite 515
Decatur, Georgia 30030
Telephone: (470) 823-4000